The Case itself, is fully set forth in the following opinion of the Court, which was delivered by
DADE, J.
This is an Information, qui tarn, filed by the Attorney for the Commonwealth, prosecuting in the Superior Court of Daw for the county of Henry, at the instance of Francis Wells, against James Garland, an attorney practising in the County Court of Henry, to recover the penalty annexed to the offence of usury, by the second section of the Act of Assembly, entitled, “An Act to reduce into one Act, the several Acts against usury.”(a) The Defendant, as Attorney for one Isham Petty, had brought a suit against one Thomas Wells, had prosecuted it to Judgment, and the Defendant had given a forthcoming bond, which, on the 16th of August, 1820, amounted to $46 503*2 cents, including principal, interest, and costs. On that day, an agreement was entered into between the said Thomas Wells and the Defendant Garland, that Garland should forbear the collection of the debt due on the said forthcoming bond, until some time in the month of December following, and that in consideration of such forbearance, Wells should execute *his bond to Garland for $65, payable in December, as aforesaid, and should secure the payment thereof by a deed of trust on his land, to one Rice Garland, as trustee. This contract was executed, and in due time the $65 were paid to Garland. These facts are all set out in the Information, to which the Defendant pleaded “not guilty,” and a jury having been sworn to try the issue, found the Defendant “guilty in manner and form as in the said Information is alleged,” and they assessed his fine to $92 80 cents.
The Defendant moved in arrest of judgment : 1. That the offence stated in the Information, does not in Daw constitute usury. 2. That no loan of money, or for *316 bearance oí a debt due the Defendant, is charged in the said Information.
“And the Court being of opinion, that there was difficulty in rendering Judgment in the Case, by the consent of the parties, ordered that the same be adjourned to the General Court, for their advice and opinion.”
The principal question in this Case, is, whether the contract, as set forth in the Information, as above stated, be usurious. The second objection discloses the Defendant’s idea of the inapplicability of the Daw against usury to his Case. He seems to have supposed, that as originally the debt forborne was not his own, but one due to his Client, whereof he had the collection, that, therefore, he is not within the Act. It is not necessary to enquire, what control the Defendant might legally exercise over the debt due by Wells to Petty. The Court has nothing to do with the relation between Garland and his. Client. The fact is, that the debt of $46 50% cents, was due from Wells, that by agreement between him and Garland, this debt was forborne from the 16th of August until the month of December, upon consideration of Garland’s receiving an interest vastly beyond that allowed by Daw; that Garland, by taking Wells’s bond to himself, made the debt his own, and did actually receive the excessive interest. It is needless to enquire, whether the money which a man loans on usurious interest, be his own or another’s, so that the debt be to himself, and for his own benefit. Although Wells might have been deceived in supposing himself released from his responsibility to Petty, by giving his bond to Garland, yet in contemplation of himself and Garland, the debt which he created by giving this bond, was the *same which he had owed to Petty, and it was certainly for the forbearance of this debt, now transferred to Garland, so far as that could be done bj- the consent of those parties, (and that consent was competent to create a debt to Garland, whether it extinguished Petty’s or not,) that the usurious interest was received. There is then no pretence that the debt forborne was not Garland’s own debt, and it would be giving him the benefit of his own wrong, to allow him to excuse himself, by alleging that the debt which he had forborne, was the misapplied funds of his Client. Some doubt was suggested as to the propriety of rendering Judgment on this verdict, which has erroneously assumed to assess the Defendant’s amercement. All that the jury should have done, was to have found the Defendant guilty of having forborne a certain sum, in manner and form as in the Information charged, and then it would have devolved on the Court to render Judgment for double the sum so ascertained. But, in this particular, the verdict in this. Case is only informal, and the amercement mere surplusage. The jury find “the Defendant guilty in manner and form as in the Information alleged,” and that Information sets out the very sum forborne. Reject the amercement, and enough still remains to found the judgment of the Court on.
For these reasons, this Court doth unanimously decide, that the motion in arrest of judgment upon the verdict in this Case be overruled: Which is ordered to be certified.

 1 Rey. Code of 1819, p. 374.